**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE: DAVOL, INC./C.R. BARD, INC.,  Case No. 2:18-md-2846
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION

CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
Nicholas Marco, Jr.
Civil Action No. _____

**<u>SHORT FORM COMPLAINT</u>**

Plaintiff(s) file(s) this Short Form Complaint pursuant to Case Management Order No. 9

and is/are to be bound by the rights, protections, and privileges and obligations of that Order.

Plaintiff(s) hereby incorporate(s) the Master Complaint in MDL No. 2846 by reference.

Plaintiff(s) further show(s) the Court as follows:

1.  The name of the person implanted with Defendants' Hernia Mesh Device(s):

    Nicholas Marco, Jr.

2.  The name of any Consortium Plaintiff (if applicable):

    N/A

3.  Other Plaintiff(s) and Capacity (i.e., administrator, executor, guardian, conservator):

    N/A

4.  State of Residence:

    Illinois

5.  District Court and Division in which action would have been filed absent direct filing:

    United States District Court for the Northern District of Illinois

6.   Defendants (Check Defendants against whom Complaint is made):

    ☒   A.  Davol, Inc.

    ☒   B.  C.R. Bard, Inc.

    ☐   C.  Other (please list: _____ )

7.   Identify which of Defendants' Hernia Mesh Device(s) was/were implanted (Check devices implanted):

    ☐   3DMax Mesh

    ☐   3DMax Light Mesh

    ☐   Bard (Marlex) Mesh Dart

    ☐   Bard Mesh

    ☐   Bard *Soft* Mesh

    ☐   Composix

    ☐   Composix E/X

    ☐   Composix Kugel Hernia Patch

    ☐   Composix L/P

    ☐   Kugel Hernia Patch

    ☐   Marlex

    ☐   Modified Kugel Hernia Patch

    ☐   PerFix Light Plug

    ☐   PerFix Plug

    ☐   Sepramesh IP

    ☐   Sperma-Tex

    ☐   Ventralex Hernia Patch

    ☒   Ventralex ST Patch

☐ Ventralight ST

☐ Ventrio Patch

☐ Ventrio ST

☐ Visilex

☐ Other (please list in space provided below):

_____

_____

8. Defendants' Hernia Mesh Device(s) about which Plaintiff is making a claim (Check applicable device(s)):

☐ 3DMax Mesh

☐ 3DMax Light Mesh

☐ Bard (Marlex) Mesh Dart

☐ Bard Mesh

☐ Bard *Soft* Mesh

☐ Composix

☐ Composix E/X

☐ Composix Kugel Hernia Patch

☐ Composix L/P

☐ Kugel Hernia Patch

☐ Marlex

☐ Modified Kugel Hernia Patch

☐ PerFix Light Plug

☐ PerFix Plug

☐    Sepramesh IP

☐    Sperma-Tex

☐    Ventralex Hernia Patch

☒    Ventralex ST Patch

☐    Ventralight ST

☐    Ventrio Patch

☐    Ventrio ST

☐    Visilex

☐    Other (please list in space provided below):

_____

_____

9.    Date of Implantation and State of Implantation:   2/18/2020; Illinois

10.    As of the date of filing this Short Form Complaint, has the person implanted with Defendants' Hernia Mesh Device(s) had subsequent surgical intervention due to the Hernia Mesh Device(s)?:    Yes ☒    No _____

11.    Basis of Jurisdiction:

☒    Diversity of Citizenship

☐    Other: _____

12.    Counts in the Master Complaint brought by Plaintiff(s)

☒    Count I – Strict Product Liability – Defective Design

☒    Count II – Strict Product Liability – Failure to Warn

☒    Count III – Strict Product Liability – Manufacturing Defect

☒    Count IV – Negligence

4

☒    Count V – Negligence Per Se

☒    Count VI – Gross Negligence

☒    Count VII – State Consumer Protection Laws (Please identify applicable State Consumer Protection law(s)):

   The Illinois Consumer Fraud and deceptive Business Practices Act
_____
_____

☒    Count VIII – Breach of Implied Warranty

☒    Count IX – Breach of Express Warranty

☒    Count X – Negligent Infliction of Emotional Distress

☒    Count XI – Intentional Infliction of Emotional Distress

☒    Count XII – Negligent Misrepresentation

☒    Count XIII – Fraud and Fraudulent Misrepresentation

☒    Count XIV – Fraudulent Concealment

☐    Count XV – Wrongful Death

☐    Count XVI – Loss of Consortium

☒    Count XVII – Punitive Damages

☒    Other Count(s) (please identify and state factual and legal bases for other claims not included in the Master Complaint below):

Discovery rule, Equitable tolling/estoppel:  Plaintiff, in the exercise of reasonable due diligence, did not learn of and could not have discovered Defendants' wrongful conduct, including, but not limited to, the defective design and/or manufacturing of the product until a date within the statute of limitations. Furthermore, Plaintiff, in the exercise of reasonable due diligence, did not learn of and could not have discovered the causal connection between his injuries and the device until a date within the statute of limitations.

☒    Jury Trial is Demanded as to All Counts

☐     Jury Trial is NOT Demanded as to All Counts; if Jury Trial is Demanded as to Any Count(s), identify which ones (list below):

_____

_____

*/s/Holly Werkema*            

Holly Werkema
Andrew K. Gardner
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
214-521-3605
214-520-1181 Fax
HWerkema@BaronBudd.com
AGardner@BaronBudd.com

Attorneys for Plaintiff